**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF ARKANSAS**
**PINE BLUFF DIVISION**

BRIAN JAMES HICKS,                                                                    PETITIONER
ADC #138964

v.                                        5:16CV00207-JM-JJV

WENDY KELLEY, Director,
Arkansas Department of Correction[1]                                    RESPONDENT

## PROPOSED FINDINGS AND RECOMMENDATIONS

### INSTRUCTIONS

The following recommended disposition has been sent to United States District Judge James M. Moody, Jr.  Any party may serve and file written objections to this recommendation.  Objections should be specific and should include the factual or legal basis for the objection.  If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection.  An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than fourteen days from the date of the findings and recommendations.  The copy will be furnished to the opposing party.  Failure to file timely objections may result in a waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a new hearing for this purpose before either the District Judge or Magistrate Judge, you must, at the time you file your written objections, include the following:

1.      Why the record made before the Magistrate Judge is inadequate.

---

[1]The Petition named Leslie Rutledge as the Respondent, but Rule 2 of the Rules Governing Section 2254 Cases in the United States District Courts states, "If the petitioner is currently in custody under a state-court judgment, the petition must name as respondent the state officer who has custody."  Therefore, Wendy Kelley should be listed as the Respondent in this case.

2.      Why the evidence to be proffered at the new hearing (if such a hearing is granted) was not offered at the hearing before the Magistrate Judge.

3.      The details of any testimony desired to be introduced at the new hearing in the form of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial evidence desired to be introduced at the new hearing.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing.  Mail your objections and "Statement of Necessity" to:

> Clerk, United States District Court
> Eastern District of Arkansas
> 600 West Capitol Avenue, Suite A149
> Little Rock, AR 72201-3325

## DISPOSITION

### I.      BACKGROUND

On May 23, 2007, Petitioner Brian Hicks pleaded no contest to three counts of rape.  (Doc. No. 10 at 27.)  The Miller County Circuit Court sentenced him to twenty years' imprisonment on each count to run concurrently.  (*Id.*)  The underlying facts of the case were proffered by the prosecution at the plea and sentencing hearing.  (*Id.* at 18.)  On September 30, 2004, a man who identified himself as Mr. Hicks, called 911 and stated he needed to speak to police about two young girls he had molested in 1999.  (*Id.* at 18-20.)  Mr. Hicks was living with his cousin, his cousin's wife, and their three children at the time.  (*Id.* at 20.)  Mr. Hicks inserted his finger[2] in the older victim's vagina three times and the younger victim's vagina twice.  (*Id*. at 20-21.)

---

[2]Rape in Arkansas is defined as a person who "engages in sexual intercourse or deviate sexual activity with another person . . ." Ark. Code Ann. § 5-14-103 (2013).  Deviate sexual activity is defined as "the penetration, however slight, of the labia majora or anus of a person by any body member . . ." Ark. Code Ann. § 5-14-101(1)(B) (2009).

Mr. Hicks did not immediately appeal his conviction.[3] But almost four years later, in January 2011, he filed a motion for reconsideration. (Doc. No. 10 at 32.) In March 2011, Mr. Hicks filed a Rule 37.1 petition (*Id.* at 36), and in February 2015, Mr. Hicks attempted to appeal his conviction. (*Id.* at 47.) Finally, on July 6, 2016, Mr. Hicks filed the current Petition for Writ of Habeas Corpus (Doc. No. 2) arguing, *inter alia*, that he signed the plea agreement because he was threatened. However, Mr. Hicks filed the Petition almost seven years passed the limitations period and, therefore, the Petition is time-barred.

## II.    ANALYSIS

### A.    Statute of Limitations

Antiterrorism and Effective Death Penalty Act ("AEDPA") imposes a one-year period of limitation on petitions for writ of habeas corpus:

(d)(1)  A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of --

(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

---

[3]Under Arkansas law, there is no right to appeal an unconditional guilty plea or plea of nolo contendere. Ark. R. App. P. -- Crim. 1(a).

(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d)(1)-(2).

The one-year limitations period began to run on the "date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). Mr. Hicks pleaded nolo contendere and did not appeal his conviction until eight years later. The judgment became final on June 7, 2007 - when Miller County Circuit Court entered the judgment and commitment order. Thirty days after the entry of the sentencing order, Mr. Hicks's AEDPA statute of limitations began to run. *See Camacho v. Hobbs*, 774 F. 3d 931, 935 (8th Cir. 2015). The statute of limitations began running on July 9, 2007,[4] giving Mr. Hicks until July 9, 2008, to file a federal habeas petition. Although, the statute of limitations can be tolled by any properly filed state post-conviction review, Mr. Hicks filed nothing until January 2011, long after the AEDPA statute of limitations had run. Mr. Hicks does not make any excuse for his belated Petition. Therefore, I find the language of 28 U.S.C. 2244(d)(1) is binding, and the Petition is time-barred.

### B.    Actual Innocence

In *McQuiggin v. Perkins*, 569 U.S. ___, 133 S.Ct. 1924 (2013), the Supreme Court held that "actual innocence, if proved, serves as a gateway through which a petitioner may pass whether the impediment is a procedural bar . . . or expiration of the AEDPA statute of limitations." *Id.* See also *Kidd v. Norman*, 651 F.3d 947, 951-52 (8th Cir. 2011). Mr. Hicks does not claim that he is actually innocent in his Petition. However, in ground sixteen he says he told the trial court judge that he was

---

[4]July 7, 2007, was a Saturday.

not guilty, and in ground fifteen, he alleges he was threatened into signing a plea bargain. (Doc. No. 2 at 17.)

Respondent filed the transcript of the plea and sentencing. At the hearing, Mr. Hicks stated that a judge in Texarkana, Texas, forced him to sign a "paper." (Doc. No. 10 at 9.) However, the Miller County, Arkansas, circuit judge explained to Mr. Hicks that the paper he signed was actually a waiver of an extradition hearing. (*Id.* at 10.) He told Mr. Hicks he would have to face the charges in Arkansas because the crimes happened in Arkansas. (*Id.*) The judge further explained that if Mr. Hicks did not sign the waiver, there would have been a hearing, and ultimately he would have been extradited to Arkansas. (*Id.*) Additionally, the Miller County circuit judge asked Mr. Hicks if anyone had threatened him, forcing him to plea, to which he replied, "No, sir." (*Id.* at 14.)

Given these facts, I find Mr. Hicks's claims to be without merit. The record clearly reveals the plea was voluntary and his claim that he told the judge he was not guilty is simply not true. Petitioner has failed to provide an adequate basis to support a claim of actual innocence to serve as a gateway through the AEDPA statute of limitations and his Petition should be dismissed.

## III.   CERTIFICATE OF APPEALABILITY

Pursuant to Rule 11 of the Rules Governing Section 2254 Cases in the United States District Courts, a district court "must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." In cases where the petitioner's claims are procedurally barred, a district court must consider the following factors when determining whether it should issue a certificate of appealability: "(1) if the claim is clearly procedurally defaulted, the certificate should not be issued; (2) even if the procedural default is not clear, if there is no merit to the substantive constitutional claims, the certificate should not be issued; but, (3) if the procedural default is not clear and the substantive constitutional claims are debatable among jurists of reason, the certificate should be

granted." *Khaimov v. Crist*, 297 F.3d 783, 786 (8th Cir. 2002) (citing *Slack v. McDaniel*, 529 U.S. 473, 484-85 (2000)); *see also Langley v. Norris*, 465 F.3d 861, 863 (8th Cir. 2006).

In this case, the Petition is clearly time-barred.  Therefore, no certificate of appealability should be issued.

## IV.    CONCLUSION

IT IS, THEREFORE, RECOMMENDED that:

1.      The Clerk shall modify the docket sheet to reflect the Respondent is Wendy Kelley, Director of the Arkansas Department of Correction.

2.      The  Petition for Writ of Habeas Corpus (Doc. No. 2) be DISMISSED and the requested relief be DENIED.

3.      Respondent's Motion to Dismiss (Doc. No. 9) be GRANTED.

4.      All pending motions be denied as moot.[5]

5.      No certificate of appealability should be issued.

DATED this 6th day of September, 2016.

JOE J. VOLPE
UNITED STATES MAGISTRATE JUDGE

---

[5]On September 1, Mr. Hicks filed a Motion to Appoint Counsel ( Doc. No. 15) and Motion to "Cancel Habeas Corpus."  (Doc. No. 16.)  Unlike dismissal for procedural default, dismissal based on the limitations period cannot be cured.  Respondent has filed a comprehensive Response (Doc. No. 10) and is entitled to a ruling on the Motion to Dismiss (Doc. No. 9).  Therefore, the Motion to Cancel Habeas Corpus should be denied.